# EXHIBIT A

**⊞Davis Miles**
McGuire Gardner
40 East Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
**Dwayne Burns, Bar No.**
dburns@davismiles.com
*Attorneys for Plaintiffs*

COPY

AUG 2 5 2020

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

STEPHEN JONES and JANE DOE SPOUSE, husband and wife,

    Plaintiffs,

v.

TITAN MACHINERY, INC.; a Delaware corporation; BOMAG AMERICAS, INC.; a Delaware corporation; BOMAG AMERICAS DISC INC, a Delaware corporation; BOMAG FINANCE CORPORATION, a Delaware corporation; BOMAG HOLDING, INC., a Delaware corporation; and DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X

    Defendants.

NO.:   CV2020-010265

COMPLAINT

Plaintiff, by and through counsel, hereby allege the following:

#### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Stephen Jones and JANE DOE SPOUSE, husband and wife, are residents of Maricopa County, Arizona; and at all times relevant resided in the State of Arizona.

i

2. Defendant Titan Machinery, Inc. (hereinafter "Titan") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona including having a Statutory Agent in Maricopa County, Arizona.

3. Defendant BOMAG Americas, Inc. (hereinafter "BOMAG") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona.

4. Defendant, BOMAG Americas Disc Inc. (hereinafter "BOMAG Disc") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona.

5. Defendant BOMAG Finance Corporation ("hereinafter "BOMAG Finance") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona.

6. Defendant BOMAG Holding, Inc. (hereinafter "BOMAG Holding") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona.

7. DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X Corporations, businesses, entities, persons, agents, servants, or employees whose true names are not known to Plaintiff at the present time. Plaintiff is informed and upon information and belief, alleges that DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X are residents of the State of Arizona or are doing business in the State of Arizona. When the true names of said persons, agents, servants, employees, corporations, or entities become known to Plaintiff, they will ask leave of the Court to amend the Complaint to reflect such true names together with the appropriate charging instruction allegations. Each of these Defendants caused Plaintiffs' injuries and damages by their negligence or by their breach of duties owed to Plaintiff or is otherwise responsible as a matter of law for the acts of others who caused Plaintiffs'' injuries and damages by such negligence and breach of duty.

8. All act complained of were done by Defendants or their authorized agents, and if done by Defendants' employees, were performed while in the course and scope of their employment so that Defendants are legally responsible for their agents' or employees' acts.

## GENERAL ALLEGATIONS

9. Plaintiffs re-allege and hereby incorporate by reference all prior allegations of this Complaint as though fully set forth herein.

10. On August 28, 2018, Plaintiff Stephen Jones was operating a machine sold by Defendant Titan and manufactured, designed, tested, and placed in the stream of commerce by Defendants BOMAG, BOMAG Finance, BOMAG Disc, and BOMAG Holding (hereafter collectively "Defendants BOMAG").

11. Originally, Plaintiff Stephen Jones was using and/or operating a BOMAG model RS 460 (a soil stabilizer/recycler used in road construction) on a project when the machine began to

malfunction. Plaintiff Stephen Jones, called a tech advisor from Defendants BOMAG to come and assess the BOMAG RS 460. While onsite, the BOMAG RS 460 malfunctioned and was stuck going in a circular motion.

12. The tech advisor decided to do several reboots of the software in hopes of rectifying the malfunction. Ultimately, a different version of the machine (an RS 500) was sent to Plaintiff Stephen Jones, and Defendants BOMAG retook possession of the defective BOMAG RS 460 machine.

13. Plaintiff Stephen Jones took possession of the BOMAG RS 500 in order to complete additional projects. However, while operating Defendants BOMAG's machinery, Plaintiff Stephen Jones noticed the paver would not properly turn.

14. Similarly to the BOMAG RS 460, the newly acquired BOMAG RS 500 was malfunctioning and stuck in a circular motion. Ultimately, the BOMAG RS 500 flipped over with Plaintiff Stephen Jones inside of the machine.

15. As a result of the BOMAG RS 500 overturning, Plaintiff Stephen Jones was seriously injured. Since the incident, Plaintiff Stephen Jones endured extensive medical treatment and is still experiencing severe pain and suffering.

### Count I- Negligence

*Against Defendants BOMAG, DOES I-X, ABC Partnerships I- X, and XYZ Corporation*

16. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

17. Defendants designed, manufactured, tested, inspected, warranted, marketed, distributed, and sold the defective BOMAG machinery.

18. Defendants BOMAG was negligent and careless in the design, manufacture, inspection, assembly, installation, distribution, maintenance, and sale of the BOMAG RS 500 machine which malfunctioned and flipped over.

19. Defendants BOMAG had a duty to design, manufacture, distribute, and sell products that are not reasonably dangerous.

20. Defendants BOMAG acting by and through its agents and/or representatives, breached this duty when the BOMAG RS 500 machine entered the stream of commerce, and it was carelessly and recklessly designed, manufactured, marketed, distributed and sold.

21. Defendants BOMAG was in the business of manufacturing and selling of milling machines, as well as soil stabilizers/recyclers, when the defective BOMAG RS 500 machine was sold and the defective BOMAG machine was in a defective and unreasonably dangerous condition.

3

22. On August 28, 2018, the defective BOMAG RS 500 machine was being used in a manner reasonably foreseeable by Plaintiff Stephen Jones as so used, was defective, unfit, and unreasonably dangerous for its intended and/or foreseeable uses.

23. The defective BOMAG RS 500 machine was defective in its design and manufacture.

24. The defective BOMAG RS 500 machine was also defective in that if failed to provide adequate warnings on and/or instructions concerning its use.

25. The aforementioned incident was a direct and proximate result of a defect or defects in the BOMAG Machine and/or failure of Defendants BOMAG to warn and instruct as to the safe and proper use of the steering and/or turning mechanism and their related software and controllers.

26. As a direct and proximate result of the defective nature of the BOMAG RS 500 machinery and said deficiencies in warnings and/or instructions, Plaintiff Stephen Jones has suffered significant bodily injuries, some of which may be permanent in nature.

27. Additionally, Plaintiff Stephen Jones has incurred lost wage damages, as a result of his injuries. Furthermore, the Plaintiff Stephen Jones has experienced emotional distress, pain and suffering, and loss of enjoyment of life, due to the Defendants BOMAG's negligent behavior.

## Count II- Strict Liability

### Against Defendants BOMAG, DOES I-X, ABC Partnerships I- X, and XYZ Corporation

28. Plaintiffs re-allege and incorporate by reference all prior allegations set forth in this Complaint as though fully set forth herein.

29. Defendants BOMAG was in the business of selling various complex and intricate machinery, specifically the BOMAG RS 500.

30. Defendants BOMAG had a duty to ensure that their product was safe, fit, and ready for public use.

31. Defendants BOMAG breached their duty by, among other things, designing, manufacturing, distributing, marketing, and selling a defective BOMAG machine, specifically the BOMAG RS 500.

32. Furthermore, Defendants BOMAG knew or should have known the BOMAG RS 500 was unfit for its intended purpose when there was information available that demonstrated that the BOMAG RS 500 machine had software issues similar to that of the BOMAG RS 460.

33. The BOMAG RS 500 was being used by the Plaintiff Stephen Jones in a manner that was reasonably foreseeable when he was injured.

34. Defendants BOMAG were negligent in the design, manufacture, inspection, assembly, installation, distribution, maintenance, and sale of the defective machine at issue, and in the failure

4

to warn and instruct with respect to the safe and proper use of the steering and/or turning mechanisms and their related software and controllers.

35. As a direct and proximate result of such negligence and carelessness, Plaintiff Stephen Jones suffered significant bodily injuries, some of which may be permanent in nature. Further, Plaintiff Stephen Jones has incurred lost wage damages, as a result of his injuries, and has experienced severe emotional distress, pain and suffering, and loss of enjoyment of life caused by the Defendants BOMAG's tortious behavior.

## Count III – Negligence

### *Against Titan Machinery, Inc.*

36. Plaintiffs re-allege and incorporate by reference all prior allegations set forth in this Complaint as though fully set forth herein.

37. Defendant Titan had a duty and/or obligation to ensure the BOMAG RS 500 was in a reasonably safe working condition prior to entering the machine into the stream of commerce.

38. Defendant Titan breached this duty when it entered the BOMAG RS 500 into the stream of commerce.

39. Furthermore, Defendant Titan was negligent in the distribution, maintenance, and sale of the defective machine at issue, and in the failure to warn and instruct with respect to the safe and proper use of the steering and/or turning mechanisms and their related software and controllers.

40. As a direct and proximate result of Defendant Titan's negligence and carelessness, Plaintiff Stephen Jones suffered significant bodily injuries, some of which may be permanent in nature. Further, Plaintiff, Stephen Jones, has incurred lost wage damages, as a result of his injuries, and has experienced severe emotional distress, pain and suffering, and loss of enjoyment of life caused by the Defendant Titan's tortious behavior.

## TIER ASSIGNMENT

41. Plaintiffs re-alleges and incorporate by reference all prior allegations set forth in this Complaint as though fully set forth herein and further alleges:

42. This case meets the criteria for assignment as a Tier 3 case under Arizona Rules of Civil Procedure Rule 26.2.

43. The sum of relief sought is such as to meet the requirement for assignment as a Tier 3 Case under Arizona Rules of Civil Procedure Rule 26.2

1

## PRAYER FOR RELIEF

2    WHEREFORE, Plaintiff Stephen Jones prays for Judgment against the Defendants, and each of them
     as follows:

3        A) For the reasonable value of medical expenses incurred by Plaintiff Stephen Jones;

4        B) For the reasonable value of lost wages and lost earning capacity of Plaintiff Stephen Jones;

5        C) For pain and suffering;

6        D) For Plaintiffs' cost of suit;

7        E) For loss of consortium; and

8        F) For such other and further relief as the Court deems just and proper.

9

10   DATED this 21of August 2020.

11                              **DAVIS MILES MCGUIRE GARDNER PLLC.**

12

13                              By: _____

14                                   Steven Weinberger
                                     Michael E. Medina, Jr.
15                                   Dwayne Burns
                                     *Attorneys for Plaintiffs*
16

17
     Original of the foregoing filed
18   this 24th day of August with:

19   Maricopa County Superior Court Clerk

20   */s/ Marisela G. Cuevas*

21

22

23

24

25

26

27

28


1  by Maricopa County Local Rule 3.10 for compulsory arbitration.  This case is not subject to

2  the Rules of Civil Procedure for Arbitration.

3

4            Respectfully submitted August 21, 2020

5                                              DAVIS MILES MCGUIRE GARDNER, PLLC

6

7                                     By: _____

8                                          Michael E. Medina, Jr.,
                                           Steven Weinberger,
9                                          *Attorneys for Plaintiffs*

10

11  **ORIGINAL** filed
    on August 21, 2020 with:

12
    Clerk of the Court
13  Maricopa County Superior

14
    */s/Marisela G. Cuevas*
15          s

16

17

18

19

20

21

22

23

24

25

26

27

28                                            2

1

**⊞ Davis Miles**
**McGuire Gardner**
2  40 East Rio Salado Parkway, Suite 425
Tempe, AZ 85281
3  Telephone: (480) 733-6800
Fax: (480) 733-3748
4  efile.dockets@davismiles.com
5  **Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
6  **Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
7  *Attorneys for Plaintiff*

8

**COPY**

**AUG 25 2020**

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

9                   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
                      **IN AND FOR THE COUNTY OF MARICOPA**
10

11  STEPHEN   JONES   and   JANE   DOE     NO.:   **CV2020-010265**
SPOUSE, husband and wife,
12                                                   **DEMAND FOR JURY TRIAL**
              Plaintiffs,
13
v.
14
TITAN MACHINERY, INC.; a Delaware
15  corporation; BOMAG AMERICAS, INC.; a
Delaware    corporation;    BOMAG
16  AMERICAS  DISC  INC,  a  Delaware
corporation;    BOMAG    FINANCE
17  CORPORATION, a Delaware corporation;
BOMAG HOLDING, INC., a Delaware
18  corporation;  and  DOES  I-X,  ABC
Partnerships I-X, and XYZ Corporations I-
19  X
20            Defendants.

21

22         Plaintiff's by and through counsel undersigned, hereby request a trial by jury as to all

23  triable issues in the above-captioned matter.

24         Respectfully submitted August 21, 2020

25

26

27                              **DAVIS MILES MCGUIRE GARDNER, PLLC**

28
                                        By:_____
                                            1

Steven E. Weinberger
Michael Medina
40 East Rio Salado Parkway, Suite 425
Tempe, AZ  85281
*Attorneys for Plaintiff*

**ORIGINAL** filed
On August 21 2020, with:

Clerk of the Court
Maricopa County Superior
201 W. Jefferson
Phoenix, Arizona 85003

*/s/Marisela G. Cuevas*

2

*CT*

**⊡ Davis Miles**

**McGuire Gardner**
40 East Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

CV2020-010265

| | |
|---|---|
| STEPHEN JONES and JANE DOE SPOUSE, husband and wife, | **CASE NO.:** |
| Plaintiffs, | **SUMMONS** |
| v. | |
| TITAN MACHINERY, INC.; a Delaware corporation; BOMAG AMERICAS, INC.; a Delaware corporation; BOMAG AMERICAS DISC INC, a Delaware corporation; BOMAG FINANCE CORPORATION, a Delaware corporation; BOMAG HOLDING, INC., a Delaware corporation; and DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X | |
| Defendants. | |

THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANTS:

**BOMAG AMERICAS, INC.; a Delaware corporation**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona whether by direct service, by registered or certified

SUMMONS

1 mail, or by publication you shall appear and defend within thirty (30) days after the service of the

2 Summons and Complaint upon you is complete, exclusive of the day of service. Where process is

3 served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal

4 process against it in this state, the insurer shall not be required to appear, answer or plead until

5 expiration of forty (40) days after date of such service upon the Director. Service by registered or

6 certified mail without the State of Arizona is complete thirty (30) days after the date of filing the

7 receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days

8 after the date of first publication. Direct service is complete when made. Service upon the Arizona

9

10 Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance

11 and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20 222, 28 502, 28 503.

12 YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the

13 time applicable, judgment by default may be rendered against you for the relief demanded in the

14 Complaint.

15

16 YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or

17 proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee,

18 within the time required, and you are required to serve a copy of any Answer or response upon the

19 Plaintiff's attorney. RCP 10(d); A.R.S. § 12 311; RCP 5.

20 REQUESTS for reasonable accommodation for persons with disabilities must be made to the

21 division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court

22 proceeding.

23

24 REQUESTS for an interpreter for persons with disabilities must be made to the office

25 of the judge or commissioner assigned to case, at least ten (10) judicial days before your

26 scheduled court date.

27

28 The name and address of Plaintiff's attorneys are and where a copy of the Complaint can be

obtained are as follows:

The name and address of Plaintiff's attorneys are:

**DAVIS MILES MCGUIRE GARDNER, PLLC**
**Steven E. Weinberger**
**Michael E. Medina**
40 E. Rio Salado Parkway, Suite 425
Tempe, Arizona 85281
Telephone: (480) 733-6800

**SIGNED AND SEALED THIS DATE:**

By: _____
        Deputy Clerk



AUG 2 5 2020

CLERK OF THE SUPERIOR COURT
S. SZAKACS
DEPUTY CLERK

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

3
SUMMONS

**CT Packing Slip**

**CT Corporation**

**UPS Tracking # :** 1ZX212780109636872

**Created By :** Shalini Singh

**Created On :** 09/02/2020 05:32 PM

**Recipient :**

| **Emily Loibl** | |
|---|---|
| Title : | -- |
| Customer : | BOMAG Americas, Inc. |
| Address : | 125 Blue Granite Pkwy |
| Email : | emily.loibl@bomag.com |
| Phone : | 803-337-0713          Fax :   - |

**Package Type :** Envelope

**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 538190974 | CV2020010265 | BOMAG Americas, Inc. |

 CT Corporation

**Service of Process Transmittal**
09/02/2020
CT Log Number 538190974

| | |
|---|---|
| **TO:** | Emily Loibl<br>BOMAG Americas, Inc.<br>125 Blue Granite Pkwy<br>Ridgeway, SC 29130-7428 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | BOMAG Americas, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STEPHEN JONES and JANE DOE SPOUSE, etc., Pltfs. vs. TITAN MACHINERY, INC., etc., et al., Dfts. // To: BOMAG AMERICAS, INC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV2020010265 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/02/2020 at 16:28 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780109636872<br><br>Email Notification,  Emily Loibl  emily.loibl@bomag.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Wed, Sep 2, 2020

**Server Name:**     Kevin Dunn

**Location:**        Wilmington, DE

Entity Served        BOMAG AMERICAS, INC.

Agent Name           THE CORPORATION TRUST COMPANY

Case Number          CV2020-010265

Jurisdiction         DE





IN THE SUPERIOR COURT, OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA
CASE NUMBER: CV2020-010265

STEPHEN JONES and JANE DOE JONES

                                                          DECLARATION OF SERVICE

                         PLAINTIFFS

     VS.

TITAN MACHINERY, INC. AND
BOMAG AMERICAS, INC AND
BOMAG AMERICAS DIS INC. AND
BOMAG FINANCE CORPORATION AND
BOMAG HOLDING, INC.

                    DEFENDANTS

WAYNE LAMB, being first duly sworn, deposes and states that he is fully qualified to serve process in this cause, having been so appointed by the Court.  That he received a SUMMONS AND COMPLAINT, CERTIFICATE OF ARBITRATION, DEMAND FOR JURY TRIAL from the PLAINTIFFS. That a true copy of the aforementioned documents was served upon:

UPON: TITAN MACHINERY, INC
BY SERVING: TITAN MACHINERY, INC.by serving Stat Agent/Corp Service Corp/Brooklyn Vanderveter-who is duly authorized to accept service at the place of business.

**ADDRESS**: 8825 S. 23RD AVE #100 PHOENIX, AZ. 85021           XXBUSINESS
DATE AND TIME: 8/27/2020 @ 10:15 AM

WAYNE LAMB                          AFFIANT
A-AZ PROCESS SERVICE       MARICOPA
MARICOPA COUNTY PROCES SERVER

**BUNTROCK HARRISON & GARDNER LAW, PLLC**
2158 N. Gilbert Road, Suite 119
Mesa, Arizona 85203
Telephone: (480) 664-7728
Facsimile: (480) 668-3110
**Steven Harrison, Esq. – SBN 010632**
Email: steve@bhglaw.com

*Attorneys for Defendant Titan Machinery, Inc.*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| STEPHEN JONES and JANE DOE SPOUSE, husband and wife, | Case No.  CV2020-010265 |
| Plaintiffs, | |
| vs. | **ANSWER OF DEFENDANT TITAN MACHINERY, INC.** |
| TITAN MACHINERY, INC.; a Delaware corporation; BOMAG AMERICAS, INC.; a Delaware corporation; BOMAG AMERICAS DISC INC., a Delaware corporation; BOMAG FINANCE CORPORATION, a Delaware corporation; BOMAG HOLDING, INC., a Delaware corporation; and DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X, | (Assigned to the Honorable Michael Kemp) |
| Defendants. | |

Defendant Titan Machinery, Inc. for its Answer to Plaintiffs' Complaint, admits, denies, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      In answer to Paragraph 1, Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

2.      In answer to Paragraph 2, admits the allegations contained therein.

3.      In answer to Paragraphs 3, 4, 5, 6, and 7, Defendant states that these paragraphs contain no allegations regarding this Defendant and, to the extent it can be argued to the

contrary, denies same.

4.      In answer to Paragraph 8, denies the allegations contained therein as it relates to this Defendant.

## GENERAL ALLEGATIONS

5.      In answer to Paragraph 9, Defendant incorporates its answers to the preceding paragraphs as though fully set forth herein.

6.      In answer to Paragraph 10, admits the allegations contained therein.

7.      In answer to Paragraphs 11, 12, 13, 14, and 15, Defendant states these paragraphs contain no allegations regarding this Defendant and, to the extent it can be argued to the contrary, denies same.

### Count I- Negligence
*Against Defendant BOMAG, DOES I-X, ABC Partnerships I-X, and XYZ Corporation*

8.      In answer to Paragraph 16, Defendant incorporates its answers to the preceding paragraphs as though fully set forth herein.

9.      In answer to Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27, Defendant states that the paragraphs contain no allegations regarding this Defendant and, to the extent that it can be argued to the contrary, denies same.

### Count II- Strict Liability
*Against Defendants BOMAG, DOES I-X, ABC Partnerships I-X, and XYZ Corporation*

10.      In answer to Paragraph 28, Defendant incorporates its answers to the preceding paragraphs as though fully set forth herein.

11.      In answer to Paragraphs 29, 30, 31, 32, 33, 34, and 35, states that the paragraphs contain no allegations regarding this Defendant and, to the extent that it can be argued to the contrary, denies same.

### COUNT III- Negligence
*Against Titan Machinery, Inc.*

12.      In answer to Paragraph 36, Defendant incorporates its answers to the preceding paragraphs as though fully set forth herein.

13.     In answer to Paragraphs 37, 38, 39, and 40, denies all the allegations contained therein.

## TIER ASSIGNMENT

14.     In answer to Paragraph 41, Defendant incorporates its answers to the preceding paragraphs as though fully set forth herein.

15.     In answer to Paragraphs 42 and 43, Defendant lacks sufficient information so as to form a belief as to the truth of the allegations contained therein and, therefore denies same.

## AFFIRMATIVE DEFENSES

16.     This Defendant denies all allegations of the Complaint not specifically admitted herein.

17.     Defendant alleges that Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to this Defendant.

18.     Defendant alleges that this Defendant is not liable for the accident which is the subject of this Complaint.

19.     Defendant alleges that pursuant to A.R.S. § 12-2501 et seq., Plaintiffs' damages, if any, must be reduced in proportion to Plaintiff Stephen Jones' comparative negligence and/or fault.

20.     Defendant alleges that pursuant to A.R.S. § 12-2506 et seq., this Defendant is liable, if at all, to Plaintiffs only for the relative degree of fault of Defendant, if any, and that it is entitled to have the trier of fact determine at one time the relative degrees of fault of all persons and entities, whether named as parties herein or not, including that of Plaintiffs.

21.     Defendant alleges as an additional affirmative defense, Plaintiffs' failure to mitigate damages.

WHEREFORE, Defendant Titan Machinery, Inc. having answered Plaintiffs' Complaint, requests that it be dismissed, and that Plaintiffs take nothing thereby; for its costs incurred herein; and for such other and further relief as the Court deems just and proper in the circumstances.

/ / /

RESPECTFULLY SUBMITTED this <u>24th</u> day of September, 2020.

**BUNTROCK HARRISON & GARDNER LAW, PLLC**

By: <u>  /s/ Steven Harrison</u>
Steven Harrison, Esq.
*Attorney for Defendant Titan Machinery, Inc.*

E-Filed this via AZ TurboCourt
this <u>24th</u> day of September, 2020
with copies e-transmitted to:

The Honorable Michel Kemp
Maricopa County Superior Court

-and-

Steven E. Weinberger
Michael E. Medina, Jr.
Dwayne Burns
Davis Mile McGuire Gardner
40 East Rio Salado Parkway, Suite 425
Tempe, Arizona 85281
*Attorneys for Plaintiffs*

<u>/s/ Tamara McCann</u>

4

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
9/24/2020 12:45:46 PM
Filing ID 12036944

**BUNTROCK HARRISON & GARDNER LAW, PLLC**
2158 N. Gilbert Road, Suite 119
Mesa, Arizona 85203
Telephone: (480) 664-7728
Facsimile: (480) 668-3110
**Steven Harrison, Esq. – SBN 010632**
Email: steve@bhglaw.com

*Attorneys for Defendant Titan Machinery, Inc.*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| STEPHEN JONES and JANE DOE SPOUSE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>TITAN MACHINERY, INC.; a Delaware corporation; BOMAG AMERICAS, INC.; a Delaware corporation; BOMAG AMERICAS DISC INC., a Delaware corporation; BOMAG FINANCE CORPORATION, a Delaware corporation; BOMAG HOLDING, INC., a Delaware corporation; and DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X,<br><br>Defendants. | Case No.  CV2020-010265<br><br><br>**DEFENDANT TITAN MACHINERY, INC.'S CERTIFICATE OF AGREEMENT REGARDING COMPULSORY ARBITRATION**<br><br>(Assigned to the Honorable Michael Kemp) |

Defendant Titan Machinery, Inc., through undersigned counsel, currently lacks sufficient information to controvert Plaintiffs' avowals and therefore hereby certifies agreement with Plaintiffs' Certificate of Compulsory Arbitration.

RESPECTFULLY SUBMITTED this 24th day of September, 2020.

**BUNTROCK HARRISON & GARDNER LAW, PLLC**

By: /s/ Steven Harrison
Steven Harrison, Esq.
*Attorney for Defendant Titan Machinery, Inc.*

1

E-Filed this via AZ TurboCourt
this <u>24th</u> day of September, 2020
with copies e-transmitted to:

The Honorable Michel Kemp
Maricopa County Superior Court

-and-

Steven E. Weinberger
Michael E. Medina, Jr.
Dwayne Burns
Davis Mile McGuire Gardner
40 East Rio Salado Parkway, Suite 425
Tempe, Arizona 85281
*Attorneys for Plaintiffs*

<u>/s/ Tamara McCann</u>