**Davis Miles McGuire Gardner**
40 East Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
**Dwayne Burns, Bar No. 032448 (*to be admitted*)**
dburns@davismiles.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Jones and Susan Jones, husband and wife,<br><br>Plaintiffs,<br><br>V.<br><br>Titan Machinery, Inc.; A Delaware Corporation; BOMAG Americas, Inc.; A Delaware Corporation;<br><br>Defendants. | No. 2:20-cv-01915-MHB<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs, by and through counsel, hereby allege the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs Stephen Jones and Susan Jones, husband and wife, are residents of Maricopa County, Arizona, and at all times relevant resided in the State of Arizona.

2. Defendant Titan Machinery, Inc. (hereinafter "Titan") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona including having a Statutory Agent in Maricopa County, Arizona.

1

3. Defendant BOMAG Americas, Inc. (hereinafter "BOMAG") is a Delaware corporation licensed to conduct and conducting business in the State of Arizona.

4. All acts complained of were done by Defendants or their authorized agents, and if done by Defendants' employees, were performed while in the course and scope of their employment so that Defendants are legally responsible for their agents' or employees' acts.

## GENERAL ALLEGATIONS

5. Plaintiffs re-allege and hereby incorporate by reference all prior allegations of this Complaint as though fully set forth herein. Stephen Jones was operating a machine sold by Defendant Titan and manufactured, designed, tested, and placed

6. On August 28, 2018, Plaintiff in the stream of commerce by BOMAG.

7. Originally, Plaintiff Stephen Jones was using and/or operating a BOMAG model RS 460 (a soil stabilizer/recycler used in road construction)2 on a project when the machine began to malfunction. Plaintiff Stephen Jones, called a tech advisor from BOMAG to come and assess the BOMAG RS 460. While onsite, the BOMAG RS 460 malfunctioned and was stuck going in a circular motion

8. The tech advisor decided to do several reboots of the software in hopes of rectifying the malfunction. Ultimately, a different version of the machine (an RS 500) was sent to Plaintiff Stephen Jones, and BOMAG retook possession of the defective BOMAG RS 460 machine.

9. Plaintiff Stephen Jones took possession of the BOMAG RS 500 in order to complete additional projects. However, while operating BOMAG's machinery, Plaintiff Stephen Jones noticed the paver would not properly turn.

10. Similarly to the BOMAG RS 460, the newly acquired BOMAG RS 500 was malfunctioning and stuck in a circular motion. Ultimately, the BOMAG RS 500 flipped over with Plaintiff Stephen Jones inside of the machine.

11. As a result of the BOMAG RS 500 overturning, Plaintiff Stephen Jones was seriously injured. Since the incident, Plaintiff Stephen Jones endured extensive medical treatment and is still experiencing severe pain and suffering.

## Count I- Negligence
*Against BOMAG*

12. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

13. BOMAG designed, manufactured, tested, inspected, warranted, marketed, distributed, and sold the defective BOMAG machinery.

14. BOMAG was negligent and careless in the design, manufacture, inspection, assembly, installation, distribution, maintenance, and sale of the BOMAG RS 500 machine which malfunctioned and flipped over.

15. BOMAG had a duty to design, manufacture, distribute, and sell products that are not reasonably dangerous.

16. BOMAG acting by and through its agents and/or representatives, breached this duty when the BOMAG RS 500 machine entered the stream of commerce, and it was carelessly and recklessly designed, manufactured, marketed, distributed and sold.

17. BOMAG was in the business of manufacturing and selling of milling machines, as well as soil stabilizers/recyclers, when the defective BOMAG RS 500 machine was sold and the defective BOMAG machine was in a defective and unreasonably dangerous condition.

18. On August 28, 2018, the defective BOMAG RS 500 machine was being used in a manner reasonably foreseeable by Plaintiff Stephen Jones as so used, was defective, unfit, and unreasonably dangerous for its intended and/or foreseeable uses.

19. The defective BOMAG RS 500 machine was defective in its design and manufacture.

20. The defective BOMAG RS 500 machine was also defective in that if failed to provide adequate warnings on and/or instructions concerning its use.

21. The aforementioned incident was a direct and proximate result of a defect or defects in the BOMAG Machine and/or failure of BOMAG to warn and instruct as to the safe and proper use of the steering and/or turning mechanism and their related software and controllers.

22. As a direct and proximate result of the defective nature of the BOMAG RS 500 machinery and said deficiencies in warnings and/or instructions, Plaintiff Stephen Jones has suffered significant bodily injuries, some of which may be permanent in nature.

23. Additionally, Plaintiff Stephen Jones has incurred lost wage damages, as a result of his injuries. Furthermore, the Plaintiff Stephen Jones has experienced emotional distress, pain and suffering, and loss of enjoyment of life, due to BOMAG's negligent behavior. Plaintiff Susan Jones has experienced loss of consortium due to Plaintiff Stephen Jones' injuries.

### **Count II- Strict Liability**
*Against BOMAG*

24. Plaintiffs re-allege and incorporate by reference all prior allegations set forth in this Complaint as though fully set forth herein.

25. BOMAG was in the business of selling various complex and intricate machinery, specifically the BOMAG RS 500.

26. BOMAG had a duty to ensure that their product was safe, fit, and ready for public use.

27. BOMAG breached its duty by, among other things, designing, manufacturing, distributing, marketing, and selling a defective BOMAG machine, specifically the BOMAG RS 500.

28. Furthermore, BOMAG knew or should have known the BOMAG RS 500 was unfit for its intended purpose when there was information available that demonstrated that the BOMAG RS 500 machine had software issues similar to that of the BOMAG RS 460.

29. The BOMAG RS 500 was being used by the Plaintiff Stephen Jones in a manner that was reasonably foreseeable when he was injured.

30. BOMAG was negligent in the design, manufacture, inspection, assembly, installation, distribution, maintenance, and sale of the defective machine at issue, and in the failure to warn and instruct with respect to the safe and proper use of the steering and/or turning mechanisms and their related software and controllers.

31. As a direct and proximate result of such negligence and carelessness, Plaintiff Stephen Jones suffered significant bodily injuries, some of which may be permanent in nature. Further, Plaintiff Stephen Jones has incurred lost wage damages, as a result of his injuries, and has

experienced severe emotional distress, pain and suffering, and loss of enjoyment of life caused by the BOMAG's tortious behavior. Plaintiff Susan Jones has experienced loss of consortium due to Plaintiff Stephen Jones' injuries.

### Count III - Negligence
*Against Titan Machinery, Inc.*

32. Plaintiffs re-allege and incorporate by reference all prior allegations set forth in this Complaint as though fully set forth herein.

33. Defendant Titan had a duty and/or obligation to ensure the BOMAG RS 500 was in a reasonably safe working condition prior to entering the machine into the stream of commerce.

34. Defendant Titan breached this duty when it entered the BOMAG RS 500 into the stream of commerce.

35. Furthermore, Defendant Titan was negligent in the distribution, maintenance, and sale of the defective machine at issue, and in the failure to warn and instruct with respect to the safe and proper use of the steering and/or turning mechanisms and their related software and controllers.

36. As a direct and proximate result of Defendant Titan's negligence and carelessness, Plaintiff Stephen Jones suffered significant bodily injuries, some of which may be permanent in nature. Further, Plaintiff, Stephen Jones, has incurred lost wage damages, as a result of his injuries, and has experienced severe emotional distress, pain and suffering, and loss of enjoyment of life caused by the Defendant Titan's tortious behavior. Plaintiff Susan Jones has experienced loss of consortium due to Plaintiff Stephen Jones' injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against the Defendants, and each of them as follows:

A) For the reasonable value of medical expenses incurred by Plaintiff Stephen Jones;

B) For the reasonable value of lost wages and lost earning capacity of Plaintiff Stephen Jones;

C) For pain and suffering;

D) For Plaintiffs' cost of suit;

5

E) For loss of consortium; and

For such other and further relief as the Court deems just and proper

Dated October 30, 2020.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By: */s/ Michael E. Medina, Jr.*
Michael E. Medina, Jr., Esq.
Steven E. Weinberger, Esq.
40 East Rio Salado Parkway, Suite 425
Tempe, AZ  85281
*Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I electronically transmitted the attached document to the Clerk's Office using the EM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John A. Klecan, #019159
Brian E. Cieniawski, #013185
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
*Attorneys for Defendants Bomag Americas, Inc.,Bomag Americas Disc, Inc., Bomag Finance Corporation, and Bomag Holding, Inc.*

Steven Harrison
Buntrock Harrison & Gardner Law, PLLC
2158 N. Gilbert Road, Suite 119
Mesa, Arizona 85203
*Attorneys for Defendant Titan Machinery, Inc.*

*/s/Marisela G. Cuevas*